NATHAN F. SMITH, #264635
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive
Irvine, California 92612
(949) 252-9400 Phone
(949) 252-1032 Fax
Email: nathan@mclaw.org

Attorney for Caliber Home Loans, Inc. as servicer for U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>Loretta Birmingham,<br><br>Debtor. | Bankruptcy Case No. 19-50981<br><br>Chapter 13<br><br>**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br><u>**HEARING DATE:**</u><br>DATE: July 18, 2019<br>TIME: 9:55 AM<br>CRTM: 3099<br>PLACE: 280 South First Street<br>San Jose, CA 95113 |

**TO THE HONORABLE STEPHEN L. JOHNSON, UNITED STATES BANKRUPTCY COURT JUDGE, THE CHAPTER 13 TRUSTEE, THE DEBTOR, AND THE DEBTOR'S ATTORNEY:**

Caliber Home Loans, Inc. as servicer for U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("USB"), the holder of a secured claim recorded against property in which the Debtor claims an interest, hereby objects to confirmation of the Debtor's Chapter 13 Plan ("Plan").

USB is the holder of a claim secured only by a security interest in real property commonly known as 1565 E Middle Ave, San Martin, CA 95046 ("Property"), which is the Debtor's principal

OBJECTION TO PLAN -1-

residence. The total amount due and owing under the Promissory Note is approximately $932,602.27, the pre-petition arrearage amount owed is approximately $151,984.53 and the Debtor's post-petition monthly mortgage payment is $3,555.88[1].

Section 1322(b) of the United States Bankruptcy Code provides, in relevant part, as follows:

> (b) Subject to subsections (a) and (c) of this section, the plan may--
>
> . . .
>
> (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence
>
> . . .
>
> (5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due; . . .

The Debtor's Plan significantly understates the pre-petition arrears owed to USB. The Plan provides for repayment of the pre-petition arrears owed in the amount of $60,000.00; however, the total amount of pre-petition arrears due and owing to USB totals approximately $151,984.53.

While Debtor proposes to cure the pre-petition arrears commencing January 1, 2020, it is clear that the Debtor's ability to make all the pre-petition arrears payments proposed in the Plan, more specifically the amounts owed to USB, hinges on whether Debtor can sell the Property on or before January 1, 2020. A sale of the Property, and therefore Debtor's ability to pay USB's pre-petition arrears commencing January 1, 2020, is speculative. Debtor has not filed a Motion to Sell with the court, has not indicated that she has contacted USB about selling the property, and has not indicated if the property is currently listed for sale, adding further speculation to the ability to sell the property by the proposed January 1, 2020 deadline. USB objects as Debtor does not provide alternative treatment for USB's claim should the Property fail to sell or be refinanced by Debtor's proposed deadline of January 1, 2020. Thus, the Plan fails to comply with § 1322(b)(2), § 1322(b)(5)

---

[1] USB is currently in the process of preparing its Proof of Claim.

OBJECTION TO PLAN	-2-

Case: 19-50981    Doc# 15    Filed: 06/20/19    Entered: 06/20/19 13:34:15    Page 2 of 4

and § 1325. As such, USB requests the Debtor specify how she will treat USB's claim should the sale or refinancing not be completed by the specified deadline.

Based on the foregoing, USB respectfully requests that the Court deny confirmation of the Debtor's Chapter 13 Plan.

DATED: June 20, 2019

Respectfully Submitted,
MALCOLM ♦ CISNEROS, A Law Corporation

 */s/ Nathan F. Smith*
NATHAN F. SMITH,
Attorney for Caliber Home Loans, Inc. as servicer for U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust

OBJECTION TO PLAN -3-

**PROOF OF SERVICE**

STATE OF CALIFORNIA

          ss.

COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action; my business address is: 2112 Business Center Drive, Irvine, CA 92612.

      On June 20, 2019, I served the following document described as **OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Irvine, California (and via telecopy or overnight mail where indicated), addressed as follows:

**<u>DEBTOR</u>**
Loretta Birmingham
1565 E. Middle Ave.
San Martin, CA 95046

**<u>DEBTOR'S ATTORNEY</u>**
Stanley A. Zlotoff
Law Offices of Stanley A. Zlotoff
300 S 1st St. #215
San Jose, CA 95113

**<u>CHAPTER 13 TRUSTEE</u>**
Devin Derham-Burk
P.O. Box 50013
San Jose, CA 95150-0013

**<u>U.S. TRUSTEE</u>**
Office of the U.S. Trustee / SJ
U.S. Federal Bldg.
280 S 1st St. #268
San Jose, CA 95113-3004

      I declare under penalty of perjury that the foregoing is true and correct. Executed on June 20, 2019 at Irvine, California.

                                          */s/ Margaret Rafter*
                                          Margaret Rafter

OBJECTION TO PLAN        -4-

Case: 19-50981   Doc# 15   Filed: 06/20/19   Entered: 06/20/19 13:34:15   Page 4 of 4