David Hamerslough (SBN 95010)
ROSSI, HAMERSLOUGH, REISCHL & CHUCK
1960 The Alameda, Suite 200
San Jose, CA 95126
(408) 261-4252
Fax: (408) 261-4292
E-mail: dave@rhrc.net

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re

LORETTA BIRMINGHAM,

Debtor.

Case No. 19-50981 SLJ
Chapter 13
Hon. Stephen L. Johnson

**OBJECTION TO PROPOSED CHAPTER 13 PLAN; HEARING REQUESTED**

Date: July 18, 2019
Time: 9:55 a.m.
Place: 280 South First Street
Hon. Stephen L. Johnson
Courtroom 3099
San Jose, CA 95113

**TO THE HONORABLE STEPHEN L. JOHNSON, UNITED STATES BANKRUPTCY JUDGE:**

Secured creditor, the law offices of Rossi, Hamerslough, Reischl & Chuck ("Secured Creditor"), files this objection to the proposed Chapter 13 plan filed by Debtor Loretta Birmingham ("Debtor"). The Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code on May 13, 2019. The Debtor's sworn bankruptcy schedules provide that her primary asset is certain real property commonly referred to as 1565 E. Middle Avenue, San Martin, California, 95046 ("Property"). The Debtor's bankruptcy Schedule D provides that the Secured Creditor has a disputed lien against the Property in the amount of $89,000. The Debtor's proposed Chapter 13 plan makes no provision for payment of Secured Creditor's claim which totals $88,232.00 as of June 30, 2019

1

(see accompanying Declaration of David Hamerslough, ¶ 8; see, Docket 2). As set forth, below, (i) there is no basis to dispute Secured Creditor's claim, (ii) secured creditor has a valid and perfected lien in the Property, and (iii) the Debtor should be required under a confirmed Chapter 13 plan to promptly satisfy her obligation to Secured Creditor.

**Background**

The genesis of the Debtor's obligation to Secured Creditor goes back to litigation commenced by the Secured Creditor on behalf of his then client, Sergio Roldan, against the Debtor and her spouse, Burt Birmingham.[1] A copy of Secured Creditor's engagement agreement ("Engagement Agreement") with Roldan is attached as **Exhibit 1** to the Declaration of David Hamerslough. Through the successful prosecution of litigation against the Debtor and Bert Birmingham, Secured Creditor obtained a judgment in favor of Roldan and against the Debtor and Bert Birmingham. This judgment provided, among other things, that Roldan had a note secured by a deed of trust in real property commonly referred to as 1050 Ortega Circle, Gilroy, California ("Ortega Property") ("Ortega Judgment"). The Ortega Property was owned by the Debtor and Burt Birmingham.[2]

Following entry of the Ortega Judgment, the Superior Court entered its Order Approving a Stipulation by which Secured Creditor received a judgment against the Debtor and Bert Birmingham in the amount of $69,317.39, as of November 1, 2016, with interest accruing at 10% per annum ("Attorney's Fee Judgment"). On December 19, 2016, an abstract securing the Attorney's Fee Judgment was recorded with the Santa Clara County Recorder's Office, Instrument No. 23537616 ("Abstract"). A true and correct copy of the Attorney's Fee Judgment and Abstract are collectively attached as **Exhibit 2** to the Declaration of David Hamerslough. To date, no payments have been received by Secured Creditor on account of the Attorney's Fee Judgment. As of June 30, 2019, the Debtor owes Secured Creditor $88,232.00 on account of the Attorney's Fee Judgment (Hamerslough Declaration, ¶ 8).

---

[1] Burt Birmingham filed a chapter 13 petition, Case # 16-53437, on December 7, 2017. Judge Hammond is the judge assigned to Burt Birmingham's case.

[2] In May 2019, the trustee for Roldan's chapter 7 case, Kari Bowyer, sold the Ortega Property free and clear of the liens of Secured Creditor and the liens of Bank of America. To date, Secured Creditor has not been paid any proceeds from the sale of the Ortega Property. Hamerslough Declaration, ¶ 4.

**The Attorney's Fee Judgment is An Asset of Secured Creditor**.

The Attorney's Fee Judgment is an asset in favor of Secured Creditor. This is because Roldan failed to pay the fees and costs due and owing to the Secured Creditor with regard to the Ortega litigation. Hamerslough Declaration, ¶ 7. At the time that Roldan engaged Secured Creditor as his counsel, Roldan executed the Engagement Agreement with Secured Creditor. The Engagement Agreement provides, in relevant part,

> **LIEN:** Client hereby grants Attorney a lien on any and all claims or causes of action that are the subject of the representation under this Agreement. The lien will be for any sums owing to Attorney at the conclusion of services performed. The lien will attach to any recovery Client may obtain, whether by arbitration award, judgment, settlement or otherwise. The effect of such a lien is that Attorney may be able to compel payment of fees and costs from any such funds recovered on behalf of Client even if Attorney has been discharged before the end of the case. Client hereby authorizes Attorney to apply any portion of an award, judgment or settlement collected to first to pay any unpaid fees and costs due and owing under this Agreement.

See, **Exhibit 1** to the Declaration of David Hamerslough, page 4 of 6.

Under applicable California law, a lien can be created by a written contract or by operation of law. *See,* California Code of Civil Procedure 2881. Under applicable California law, an attorney may be paid its fees from funds generated from the attorney's efforts. *Matter of Pacific Far East Line, Inc.,* 654 F 2d. 664, 668-669 (9th Cir. 1981); (looking to the California Supreme Court for guidance- "In essence, *Isrin* holds that if the parties intend that the attorney look directly to the settlement for payment, then a lien against the settlement is created in the attorney's favor." Citing *Isrin v. Superior Court*, 63 Cal.2d. 153, 45 Cal.Rptr. 320 (1965)). *c.f. Kipperman v. Sutherland (In re Bush),* 356 B.R. 28 (Bankr. SD CA 2006). Pursuant to the provisions of the Engagement Agreement, Secured Creditor is entitled to payment of the Attorney's Fee Judgment from the Property – "Client hereby authorizes Attorney to apply any portion of an award, judgment or settlement collected to first to pay any unpaid fees and costs due and owing under this Agreement." See, **Exhibit 1** to the Declaration of David Hamerslough, page 4 of 6.

**Conclusion**

Secured Creditor prays for an order (i) denying confirmation of Debtor's proposed Chapter 13 plan, and (ii) conditioning the confirmation of any Debtor Chapter 13 plan with the requirement

that she satisfy her obligation to Secured Creditor by promptly listing the Property for sale.

DATED: June 27, 2019        ROSSI, HAMERSLOUGH, REISCHL & CHUCK

By: _D. Hamerslough_
David Hamerslough