1 | David Hamerslough (SBN)
ROSSI, HAMERSLOUGH, REISCHL & CHUCK
2 | 1960 The Alameda, Suite 200
San Jose, CA 95126
3 | (408) 261-4252
Fax: (408) 261-4292
4 | E-mail: dave@rhrc.net

5

6

7 | UNITED STATES BANKRUPTCY COURT

8 | NORTHERN DISTRICT OF CALIFORNIA

9 | SAN JOSE DIVISION

10 | In re | Case No. 19-50981 SLJ
Chapter 13
11 | LORETTA BIRMINGHAM, | Hon. Stephen L. Johnson

12 | Debtor. | **DECLARATION OF DAVID
HAMERSLOUGH IN SUPPORT OF**
13 | **OBJECTION TO PROPOSED CHAPTER
13 PLAN**
14 |
Date:
15 | Time:
Place: 280 South First Street
16 | Hon. Stephen L. Johnson
Courtroom 3099
17 | San Jose, CA 95113

18

19 | I, David Hamerslough, declare as follows:

20 | 1. I am a shareholder with the law firm of Rossi, Hamerslough, Reischl & Chuck.

21 | 2. I was retained by Sergio Roldan in 2013 in response to a lawsuit filed against him in

22 | Santa Clara County Superior Court, Action No. 113CV243356 [*legacy court case number*]/2013-1-

23 | CV-243356 [*current court case number*]. Attached as **Exhibit 1** to this declaration is a copy of the

24 | fee agreement in that matter. The fee agreement provides for a lien in favor of my law firm on any

25 | recovery by Mr. Roldan.

26 | 3. The Santa Clara County Superior Court litigation filed by the now Debtor in this

27 | action and Bert Birmingham (hereinafter "the Birminghams") sought to invalidate the note and deed

28 | of trust that Mr. Roldan held in his favor secured by one of the properties owned by the Birminghams

1  located at 1050 Ortega Circle, Gilroy, California (the "Ortega Property"). On December 2, 2014, the

2  Court entered a Judgment in favor of Roldan and against the Birminghams, providing, among other

3  things,, that Mr. Roldan did in fact have a note secured by a deed of trust in the Ortega Property.

4      4.      In May 2019, the trustee for Roldan's chapter 7 case, Kari Bowyer, sold the Ortega

5  Property free and clear of the liens of my firm and of Bank of America. To date, my firm has not

6  been paid any proceeds from the sale of the Ortega Property.

7      5.      After this Judgment was entered, the Superior Court entered its Order Approving

8  Stipulation on November 3, 2016 whereby my firm received a judgment against the Birminghams in

9  the amount of $69,317.39 as of November 1, 2016, with interest accruing at 10% per annum (the

10  "Attorney's Fee Judgment").

11      6.      On December 19, 2016, an abstract securing this judgment was recorded with the

12  Santa Clara County Recorder's Office as Instrument No. 23537616 (the "Abstract"). True and

13  correct copies of the Attorney's Fee Judgment and Abstract are attached hereto collectively as

14  **Exhibit 2.**

15      7.      The Attorney's Fee Judgment is an asset in favor of my firm because Roldan failed to

16  pay the fees and costs due and owing to my firm with regard to the Ortega litigation. To date, my

17  firm has received no payments on account of the Attorney's Fee Judgment.

18      8.      As of June 30, 2019, the Debtor owes my firm $88,232.00 on account of the

19  Attorney's Fee Judgment. This figure is calculated based on the following: the Attorney Fee Award

20  was for $69,317.39. Interest on $69,317.31 at 10%/year is $18.99/day. December 8, 2017 through

21  June 30, 2019 = 935 days; 935 days at $18.99/day = $17,755.65 and $69,317.31 plus $17,755.65 =

22  $87,072.96. Additional interest in the amount of $1,209.04 reflects interest on the Attorney Fee

23  Award from the November 3, 2016 date of that award through December 6, 2016.

24      I declare under penalty of perjury under the laws of California that the foregoing is true and

25  correct.

26      Executed this 27th day of June, 2019, in San Jose, California.

27      

28      DAVID HAMERSLOUGH

**EXHIBIT 1**

# ROSSI, HAMERSLOUGH, REISCHL & CHUCK
# ATTORNEY-CLIENT FEE AGREEMENT

This Agreement is between Rossi, Hamerslough, Reischl & Chuck, a California professional law corporation ("Attorney") and the undersigned client(s) (individually and collectively "Client"). California law requires a signed attorney-client fee agreement prior to commencing services to Client. Attorney's services to Client are subject to the terms and conditions of this Agreement.

**SCOPE OF SERVICES**: Client hires Attorney to provide legal services in the following matter: **ROLDAN / BIRMINGHAM** ("Matter"). Attorney will provide those legal services reasonably required to represent Client. Attorney will take reasonable steps to keep Client informed of progress and to respond to Client's inquiries. If a court action is filed or arbitration is initiated, Attorney will represent Client through trial or arbitration and post-trial motions. This Agreement does not cover representation on appeal or in execution proceedings after judgment. Separate arrangements must be agreed to for those services. Services in any matter not described above will require a separate written agreement.

**DEPOSIT:** Client must provide Attorney with a **$1500.00** deposit ("Deposit") upon execution of this Agreement. Attorney will hold the Deposit in Attorney's trust account and apply it to each statement when rendered by Attorney. Client will pay any additional balance due upon receipt of Attorney's statements each month and also will replenish the Deposit each month in the amount of all payments made to Attorney from the Deposit. At the conclusion of the Matter, the Deposit will be applied to the final statement, in which event Client will be responsible for any amount due over and above the Deposit or be entitled to a refund of any amount remaining after the final statement is satisfied in full. Client will not be entitled to interest on the Deposit.

Attorney reserves the right to demand further deposits in the event Attorney reasonably determines that an additional Deposit is needed under the circumstances, including without limitation, when the monthly fees and costs incurred by Client exceed the Deposit or a when client has been delinquent in their payment obligations under this Agreement. Once a trial or arbitration date is set or 100 days prior to trial or arbitration, whichever is later, Client shall pay all sums then owing and deposit the attorneys' fees estimated to be incurred in preparing for and completing the trial or arbitration, as well as the jury fees or arbitration fees, expert witness fees, and other costs likely to be assessed.

**BILLING PRACTICES AND DELEGATION OF WORK**: It is our philosophy that an attorney's hourly rate should be charged only for those services requiring an attorney's knowledge, skill, experience, and judgment and that supervised delegation of work to associates, paralegals, and legal assistants as warranted serves the interests of all parties, since such services may be charged at a lower rate. Therefore, work that does not require the primary attorney's continuous participation or attention will be delegated to the most cost-effective associate or employee, subject to the primary attorney's review.

Attorney shall be entitled to involve more than one attorney in your Matter as required in its reasonable discretion. For instance, if your case proceeds to trial, the primary attorney and another attorney may appear together on your behalf. We also reserve the right, after consultation with you, to associate and/or consult with counsel specializing in particular aspects of this Matter which may require special expertise.

Time is charged on an hourly rate basis in increments of .10 of an hour. Time is charged for all professional services (including telephone calls, emails, travel, wait time, court time, etc.) rendered by all personnel working on your case. The rate is subject to adjustment during the pendency of your Matter. This agreement constitutes your consent to pay the prevailing rates for time spent by personnel of Attorney.

Attorneys' hourly rates are adjusted from time to time and may change during the course of this Agreement. However, Attorney may not change any of the rates set for the above without first providing 30 days' written notice. Client acknowledges that Law Firm has made no promises about the total amount of attorney fees to be incurred by Client under this Agreement.

You may have been given a rough estimate of costs and fees for your Matter. By signing this Agreement, you acknowledge that the total amount of fees, costs, and expenses may vary depending on future circumstances and that any estimate of projected fees or costs is merely an estimate. Expenditures on legal matters, especially in litigation, are often dictated by the conduct of other counsel, which cannot be controlled by your attorney. Furthermore, litigation matters often take several years to reach disposition. Of course, we can

File No.: D13381

Case: 19-50981    Doc# 16-1    Filed: 06/27/19    Entered: 06/27/19 11:56:38    Page 4 of 30

never predict the outcome of a case and certainly cannot guarantee success. The chances of success may also fluctuate as the case progresses; in other words, it may appear that you have an excellent chance to prevail initially, but that assessment may be adjusted formally or informally as the case proceeds.

**BILLING RATES**: Hourly billing rates are as follows:

| | | | | | |
|---|---|---|---|---|---|
| Ronald R. Rossi | $525.00 | Eric A. Gravink | $345.00 | Paralegal | $215.00 |
| David Hamerslough | $395.00 | Jill E. Fox | $295.00 | Law Clerk | $100.00 |
| Samuel A. Chuck | $395.00 | Laurel M. Champion | $235.00 | | |
| Dean C. Rossi | $395.00 | Madolyn D. Orr | $235.00 | | |
| Richard B. Gullen | $345.00 | | | | |

Support services for which you are billed include file maintenance, word processing charges, and other costs that are chargeable to a client file.

**BILLING PROCEDURES**: The billing department mails out statements for all fees and charges accruing through the last date of the statement. The billing cutoff date is the last day of each month. Payment is due upon receipt unless other arrangements are made.

Accounts not paid in full within thirty (30) days accrue simple interest at the rate of ten percent (10%) per annum. Failure to pay statements for services rendered in one matter may, at the discretion of Attorney, constitute a breach of agreement in any other matter when Attorney represents you in more than one matter.

Any accounts remaining unpaid over thirty (30) days are brought to the attention of the primary attorney. If the invoice is not paid immediately in full after demand, we will request that you obtain other counsel, accept responsibility for your own matter (including executing a substitution *in pro per*), or Attorney may, in its discretion, bring a motion to withdraw from the case.

If accounts are not paid and/or arrangements made within thirty (30) days of the billing date, you will receive a Notice of Right to Arbitrate letter which the State Bar requires. You will be allowed to mediate or arbitrate this matter in the Santa Clara County Bar Association fee dispute resolution process if you so choose.

When Attorney's services conclude, all unpaid charges will immediately become due and payable. Attorney is authorized to use any funds held in Attorney's trust account as a deposit against costs to apply to such unpaid charges, whether such funds originated as a deposit or from settlement proceeds. After Attorney's services conclude, upon request, Client's file and property will be delivered to Client, or Client's other attorney, whether or not Client has paid any fees and/or costs owed to Attorney.

**COSTS AND EXPENSES**: Certain third-party payments or other expenditures will normally be incurred in the course of representation. Such costs may include but are not limited to court filing fees, arbitration or mediation fees, deposition charges, process server fees, jury fees, messenger and delivery service, outside copying, investigator expenses, computerized legal research, parking, travel costs, overnight lodging and meals, fax charges, etc. Such costs may be incurred at our discretion and you hereby authorize us to incur all reasonable costs necessary in connection with your representation.

Costs are the responsibility of the Client and are to be advanced and paid by Client, whether they are invoiced to you or to Attorney. In some cases, Attorney may advance the costs on behalf of Client. Client hereby agrees to pay such costs upon presentation of the bill. Client acknowledges that if Attorney advances any costs in one instance does not obligate Attorney to advance any other costs. Failure to pay such costs, causing Attorney to incur responsibility, shall constitute a default under this Agreement which will entitle Attorney to withdraw from representation. It is important for you to understand that some costs have specific deadlines (such as mediation fees, arbitration fees and jury fees) which, if not paid by a specific deadline, may result in a waiver of jury or the loss of an arbitration or mediation date.

On occasion, Attorney may have to retain investigators, consultants, or expert witnesses on your behalf. You hereby authorize Attorney to do so and agree that such outside personnel will be deemed to be employed by you rather than by Attorney. You also agree to pay all retainers required by any such outside personnel promptly and to pay their statements when rendered as a direct cost to you. Failure to do so will also constitute a default under this agreement, entitling Attorney to withdraw from your representation.

File No.: D13381

Case: 19-50981    Doc# 16-1    Filed: 06/27/19    Entered: 06/27/19 11:56:38    Page 5 of 30

Should you fail to pay a statement in a timely manner and upon demand, Attorney reserves the right to debit the retainer for all outstanding balances and direct costs not paid by you and to withdraw its representation. The failure to pay a statement when due shall constitute a default. Attorney may elect to withdraw or to require further payment arrangements at its option.

**FEE AWARDS**: Some disputes may provide for attorney fees to be paid by another person, usually the opponent. Most often, those fees are ordered by a court (or arbitrator) which may award only a portion of the fees and costs actually incurred by Client. In the event a court awards, or the parties to the dispute agree, that another party will pay some or all of Client's attorney's fees, costs, or both, Client understands and acknowledges that any such order or agreement will not affect this Agreement and Client's obligation to pay all attorney fees and costs due and owing under this Agreement as they become due, nor will Attorney be obligated under this Agreement to enforce such an order or agreement. Attorney cannot and does not guaranty that Client will obtain such an award nor that such an award is actually collectable against the party required to pay. Any such amounts actually received by Attorney, however, will be credited against amounts incurred by Client and due and owing under this Agreement. Any remaining amounts will be refunded to Client after replenishment of the Deposit.

**CLIENT'S DUTIES**: Client agrees to be truthful with Attorney, to cooperate, to keep Attorney informed of any information or developments which may come to Client's attention, to abide by this Agreement, to pay Attorney's bills on time, and to keep Attorney advised of Client's address, telephone number and whereabouts. Client will assist Attorney in providing necessary information and documents and will appear when necessary at legal proceedings.

**DISCHARGE AND WITHDRAWAL**: Client may discharge Attorney at any time. Attorney may withdraw its representation upon failure to pay statements in a timely manner, for breach of this agreement, for good cause, or in any case upon thirty (30) days' notice. Should Attorney elect to withdraw, Client agrees to execute any documents necessary to facilitate our withdrawal from representation.

**REPRESENTATION OF MULTIPLE CLIENTS**: If more than one client, or a person requesting services both as an individual and on behalf of an entity, signs this agreement, then each severally and jointly shall be responsible for payment of all fees, costs, expenses, and finance charges incurred pursuant to this agreement. Each of you hereby waives any conflict of interest that may exist now or hereafter by virtue of such joint representation, unless one of you objects in writing to continued representation if an actual conflict arises. In the event Client is a corporation, limited liability company, limited partnership or other entity, the person(s) signing this Agreement on behalf of that entity hereby expressly agree to personally guarantee its performance, and be jointly and severally liable for all obligations arising out of this Agreement.

**CONFLICTS OF INTEREST:** Because of our longstanding specialized focus on real estate litigation, we want to address with you now how we will handle conflicts of interest questions once our work on this Matter is concluded. Under the ethical standards applicable to attorneys, an attorney may accept a new matter adverse to a former client so long as the new matter is not related to the attorney's prior work for the former client. This rule is designed to protect the confidentiality of information obtained by an attorney in the course of representing a client. Sometimes there can be a disagreement between the attorney and client concerning the scope of the prior work and, thus, uncertainty about whether the attorney may take on a new matter for another client. We would like to establish ground rules now, at the outset of our attorney-client relationship, so that we will not have such a misunderstanding in the future.

As noted at the outset of this Agreement, our firm's work for Client will be limited to the Matter. Unless agreed otherwise in writing, we will not be advising Client about other matters, including Client's other properties, real estate matters in general, litigation strategy in general or Client's general business matters. As a result, once this Matter is concluded, Attorney may accept a new matter adverse to Client so long as the new matter is not related to the specific property involved in this Matter. Client agrees that Attorney will not, upon conclusion of this Matter, be prohibited from advising others adverse to Client on real estate or litigation matters generally that are not specifically connected to the property at issue in the Matter.

Client is encouraged to seek the advice of an independent attorney concerning this conflict provision or anything in this Agreement.

Case: 19-50981    Doc# 16-1    Filed: 06/27/19    Entered: 06/27/19 11:56:38    Page 6 of 30

**LIEN:** Client hereby grants Attorney a lien on any and all claims or causes of action that are the subject of the representation under this Agreement. The lien will be for any sums owing to Attorney at the conclusion of services performed. The lien will attach to any recovery Client may obtain, whether by arbitration award, judgment, settlement or otherwise. The effect of such a lien is that Attorney may be able to compel payment of fees and costs from any such funds recovered on behalf of Client even if Attorney has been discharged before the end of the case. Client hereby authorizes Attorney to apply any portion of an award, judgment or settlement collected to first to pay any unpaid fees and costs due and owing under this Agreement. Because a lien may affect Client's property rights, Client is encouraged to seek the advice of an independent lawyer of Client's choice before agreeing to such a lien. By initialing this paragraph, Client represents and agrees that Client has had a reasonable opportunity to consult such an independent lawyer and—whether or not Client has chosen to consult such an independent lawyer—Client agrees that Attorney will have a lien as specified above.

Client Initials ( _Sh_ / _Sh_ / _Sh_ / _Sh_ )        Attorney Initials ( _DH_ )

**DISCLAIMER OF GUARANTEE**: Nothing in this Agreement and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of the Matter. Attorney makes no such promises or guarantees. Attorney's comments about the outcome of the Matter are expressions of opinion only. Any estimate of fees given by Attorney shall not be a guarantee. Actual fees may vary from estimates given.

**MEDIATION OF DISPUTES**. CLIENT AND ATTORNEY AGREE TO MEDIATE ANY DISPUTE BETWEEN THEM ARISING OUT OF THE SERVICES PERFORMED BY ATTORNEY PURSUANT TO THIS FEE AGREEMENT, INCLUDING ANY DISPUTE RELATING TO ATTORNEYS' FEES, PRIOR TO ANY COURT ACTION OR ARBITRATION. IF THE PARTIES CANNOT AGREE ON A MEDIATOR, THE SUPERIOR COURT OF SANTA CLARA COUNTY SHALL APPOINT A MEDIATOR. THE MEDIATOR MAY CONDUCT MORE THAN ONE SESSION. FEES SHALL BE PAID EQUALLY BY THE PARTICIPANTS.

**BINDING ARBITRATION.**

(1) ANY CONTROVERSY BETWEEN THE PARTIES REGARDING THE CONSTRUCTION, APPLICATION OR PERFORMANCE OF ANY SERVICES UNDER THIS CONTRACT, IN ANY CLAIM ARISING OUT OF THIS CONTRACT OR ITS BREACH, SHALL BE SUBMITTED TO BINDING ARBITRATION UPON THE WRITTEN REQUEST OF ONE PARTY AFTER THE SERVICE OF THAT REQUEST ON THE OTHER PARTY.

THE PARTIES SHALL APPOINT A RETIRED SUPERIOR COURT JUDGE LOCATED IN SANTA CLARA COUNTY TO HEREIN DETERMINE THE DISPUTE. IF THE PARTIES CANNOT AGREE, THEN THE PRESIDING JUDGE OF THE SUPERIOR COURT OF SANTA CLARA COUNTY SHALL CHOOSE A RETIRED SUPERIOR COURT JUDGE LOCATED IN SANTA CLARA COUNTY TO SERVE AS THE IMPARTIAL ARBITRATOR WHOSE DECISION SHALL BE FINAL AND CONCLUSIVE ON ALL PARTIES.

THE COST OF THE ARBITRATION, EXCLUDING LEGAL FEES AND COSTS, SHALL BE BORNE BY THE LOSING PARTY OR IN SUCH PROPORTION AS THE ARBITRATOR SHALL DECIDE. EACH PARTY SHALL BEAR THEIR OWN LEGAL FEES AND COSTS. THE SOLE AND EXCLUSIVE VENUE FOR THE ARBITRATION AND/OR ANY LEGAL DISPUTE, SHALL BE SANTA CLARA COUNTY, CALIFORNIA.

(2) NOTWITHSTANDING THE ABOVE, IN A DISPUTE SUBJECT TO THE JURISDICTION OF THE STATE OF CALIFORNIA OVER LEGAL FEES, CHARGES, COSTS OR EXPENSES, CLIENT HAS THE RIGHT TO ELECT ARBITRATION PURSUANT TO THE FEE-ARBITRATION PROCEDURES OF THE STATE BAR OF CALIFORNIA, AS SET FORTH IN CALIFORNIA BUSINESS AND PROFESSIONS CODE §6200 (THE MANDATORY FEE ARBITRATION ACT [MFAA]).

THOSE PROCEDURES PERMIT A TRIAL AFTER MFAA ARBITRATION, UNLESS THE PARTIES AGREE IN WRITING, AFTER THE DISPUTE HAS ARISEN, TO BE BOUND BY THE ARBITRATION AWARD.

IF, AFTER RECEIVING A NOTICE OF CLIENT'S RIGHT TO ARBITRATE, YOU DO NOT TIMELY ELECT TO PROCEED UNDER THE STATE BAR FEE-ARBITRATION PROCEDURES, ANY DISPUTE OVER FEES, CHARGES, COSTS OR EXPENSES, WILL BE RESOLVED BY BINDING ARBITRATION AS PROVIDED IN THE PREVIOUS PARAGRAPH. IF CLIENT FILES SUIT IN A CIVIL COURT, THIS WILL OPERATE AS A WAIVER OF THE

Case: 19-50981    Doc# 16-1    Filed: 06/27/19    Entered: 06/27/19 11:56:38    Page 7 of 30

CLIENT'S RIGHT TO REQUEST MFAA FEE ARBITRATION.

**THOSE INITIALING BELOW AGREE TO ARBITRATE.**

"**NOTICE**: BY INITIALING IN THE SPACE BELOW, YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION PROVISION' DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. BY INITIALING IN THE SPACE BELOW, YOU ARE GIVING UP YOUR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS SUCH RIGHTS ARE SPECIFICALLY INCLUDED IN THE 'ARBITRATION PROVISION.' IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL PROCEDURE. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY."

DO NOT SIGN THIS AGREEMENT UNLESS YOU REALIZE AND AGREE THAT ALL DISPUTES BETWEEN CLIENT AND ATTORNEY ARE SUBJECT TO ARBITRATION. WHILE ARBITRATION MAY BE FASTER AND MORE ECONOMICAL, PLEASE BE AWARE THAT IT REMOVES THE ISSUE IN DISPUTE FROM A COURT AND/OR JURY AND LIMITS THE APPEAL RIGHTS CLIENT AND/OR ATTORNEY MAY HAVE. BY ENTERING INTO THIS ARBITRATION AGREEMENT, YOU AND WE ARE WAIVING ANY RIGHT TO A JURY OR COURT TRIAL, TO THE EXTENT PERMITTED BY LAW.

**I/WE HAVE READ AND UNDERSTAND THE FOREGOING AND AGREE TO SUBMIT DISPUTES ARISING OUT OF THE MATTERS INCLUDED IN THIS ARBITRATION PROVISION TO NEUTRAL ARBITRATION."**

Client Initials ( _SN_ / _SN_ / _SN_ / _SN_ )          Attorney Initials ( _DH_ )

**PRIMARY ATTORNEY:** Your primary attorney will be DAVID HAMERSLOUGH.

**ENTIRE AGREEMENT**: This Agreement contains the entire agreement of the parties. No other agreement, statement, or promise made on or before the effective date of this Agreement will be binding on the parties.

**SEVERABILITY IN EVENT OF PARTIAL INVALIDITY**: If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

**MODIFICATION BY SUBSEQUENT AGREEMENT**: This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them, or an oral agreement only to the extent that the parties carry it out.

**COUNTERPARTS**: This Agreement may be signed in one or more counterparts. Signatures by facsimile or scanned email attachment will be deemed the same as an original signature.

**EFFECTIVE DATE**: *This Agreement will not take effect, and Attorney will have no obligation to provide legal services, until Client returns a signed copy of this Agreement **and** pays the Deposit in the full amount set forth above. Even if this Agreement does not take effect, Client will be obligated to pay Attorney the reasonable value of any services Attorney may have performed for Client. Once executed by Client, this Agreement shall retroactively apply to the date when Attorney first performed services to Client. As this Agreement, when signed by you, will serve as a contract between us, you have the right and may want to seek the advice of independent counsel with regard to your rights, obligations and duties under this Agreement.*

[SIGNATURES LOCATED ON FOLLOWING PAGE]

Case: 19-50981    Doc# 16-1    Filed: 06/27/19    Entered: 06/27/19 11:56:38    Page 8 of 30

**ROSSI, HAMERSLOUGH, REISCHL & CHUCK**
**A Professional Law Corporation**

DATED: August 27, 2013

BY: _D Hamerslough_
DAVID HAMERSLOUGH

CLIENT HAS READ AND UNDERSTANDS THE FOREGOING TERMS AND AGREE TO THEM AS OF THE DATE ATTORNEY FIRST PROVIDED SERVICES. IF MORE THAN ONE CLIENT SIGNS BELOW, EACH AGREES TO BE LIABLE, JOINTLY AND SEVERALLY, FOR ALL OBLIGATIONS UNDER THIS AGREEMENT. CLIENT SHALL RECEIVE A FULLY EXECUTED DUPLICATE OF THIS AGREEMENT.

DATED: _9- 5- 2013._

BY: _SR.c_
SERGIO ROLDAN

Case: 19-50981 · Doc# 16-1 Filed: 06/27/19 Entered: 06/27/19 11:56:38 Page 9 of 30

# EXHIBIT 2

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, address, and State Bar number):

After recording, return to:

David Hamerslough (SBN 95010)
Rossi, Hamerslough, Reischl & Chuck
1960 The Alameda, Suite 200
San Jose, CA 95126

TEL NO.: (408) 261-4252    FAX NO. (optional): (408) 261-4292
E-MAIL ADDRESS (Optional): dave@rhrc.net

[X] ATTORNEY FOR    [X] JUDGMENT CREDITOR    [ ] ASSIGNEE OF RECORD

**23537616**

Regina Alcomendras
Santa Clara County - Clerk-Recorder
12/19/2016 01:14 PM

**CONFORMED COPY**

Copy of document recorded.
Has not been compared with original.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Santa Clara

FOR RECORDER'S USE ONLY

PLAINTIFF: Bert L. Birmingham, Loretta L. Birmingham
DEFENDANT: Sergio Roldan, et al.

CASE NUMBER: 113CV243356

**ABSTRACT OF JUDGMENT - CIVIL AND SMALL CLAIMS**    [ ] Amended

FOR COURT USE ONLY

1. The [X] judgment creditor [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address

      ⌐ Loretta L. Birmingham ¬
        1565 E. Middle Ave.
        San Martin, CA 95046
      L                        ⌐

   b. Driver's license no. [last 4 digits] and state: 3912     [ ] Unknown
   c. Social security no. [last 4 digits]: 7198                [ ] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to (name and address):
      Loretta L. Birmingham, Bert L. Birmingham, c/o their attorney,
      Craig J. Bassett, 25 West First Street, Morgan Hill, CA 95037

2. [X] Information on additional judgment debtors is shown on page 2.
3. Judgment creditor (name and address):
   Sergio Roldan, c/o his attorneys: RHRC,
   1960 The Alameda Ste 200, San Jose, CA
   95126

4. [ ] Information on additional judgment creditors is shown on page 2.
5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

Date: November 28, 2016
David Hamerslough
                (TYPE OR PRINT NAME)

▶ (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $    69,317.39
7. All judgment creditors and debtors are listed on this abstract.

8. a. Judgment entered on (date): November 3, 2016
   b. Renewal entered on (date):

9. [ ] This judgment is an installment judgment.

10. [ ] An [ ] execution lien [ ] attachment lien
    is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of (name and address):

11. A stay of enforcement has
    a. [X] not been ordered by the court.
    b. [ ] been ordered by the court effective until
       (date):

[SEAL]

DAVID H. YAMASAKI
Chief Executive Officer, Clerk

This abstract issued on (date):

DEC 19 2016

12. a. [X] I certify that this is a true and correct abstract of
       the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

Clerk, by  J. CAO-NGUYEN                    , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT - CIVIL AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488.480, 674, 700.190

Roldan

| PLAINTIFF: Bert L. Birmingham, Loretta L. Birmingham | COURT CASE NO: |
|---|---|
| DEFENDANT: Sergio Roldan, et al. | 113CV243356 |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*

14. Judgment creditor *(name and address):*

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16. Name and last known address

17. Name and last known address

Bert L. Birmingham
1565 E. Middle Ave.
San Martin, CA 95046

Driver's license no. [last 4 digits] and state:
7680 ☐ Unknown

Social security no. [last 4 digits]:
3216 ☐ Unknown

Summons was personally served at or mailed to *(address):*
Loretta L. Birmingham, Bert L.
Birmingham, c/o of their attorney,
Craig J. Bassett,25 West First
Steet, Morgan Hill,CA 95037

Driver's license no. [last 4 digits] and state:
☐ Unknown

Social security no. [last 4 digits]:
☐ Unknown

Summons was personally served at or mailed to *(address):*

18. Name and last known address

19. Name and last known address

Driver's license no. [last 4 digits] and state:
☐ Unknown

Social security no. [last 4 digits]:
☐ Unknown

Summons was personally served at or mailed to *(address):*

Driver's license no. [last 4 digits] and state:
☐ Unknown

Social security no. [last 4 digits]:
☐ Unknown

Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

EJ-001 [Rev July 1, 2014]
Martin Dean's
ESSENTIAL FORMS™

**ABSTRACT OF JUDGMENT - CIVIL
AND SMALL CLAIMS**

Roldan

Page 2 of 2

Case: 19-50981    Doc# 16-1    Filed: 06/27/19    Entered: 06/27/19 11:56:38    Page 12
of 30

DAVID HAMERSLOUGH (SBN 95010)
RICHARD B. GULLEN (SBN 144513)
ROSSI, HAMERSLOUGH, REISCHL & CHUCK
1960 The Alameda, Suite 200
San Jose, CA 95126-1493
Tel: (408) 261-4252
Fax: (408) 261-4292

Attorneys for Defendant SERGIO ROLDAN

(ENDORSED)
F I L E D
NOV - 8 2016

DAVID H. YAMASAKI
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY_____DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| BERT L. BIRMINGHAM, and LORETTA L. BIRMINGHAM,<br><br>    Plaintiff,<br><br>    vs.<br><br>SERGIO ROLDAN and DOES 1-20, inclusive,<br><br>    Defendants. | Case No.: **113CV243356**<br><br>**NOTICE OF ENTRY OF ORDER**<br><br>Action Filed:  March 21, 2013<br>Trial Date:     May 19, 2014 |

PLEASE TAKE NOTICE that on November 3, 2016, the Court entered its **Order Re: Attorneys' Fees And Costs Related To Appeal [Sixth District Court Of Appeal Case No. H041945]**, a true and correct copy of which is attached hereto as Exhibit "A."

Dated: November 8, 2016          ROSSI, HAMERSLOUGH, REISCHL & CHUCK

BY:  _D. Hamerslough_
     DAVID HAMERSLOUGH
     Attorneys for Defendant Sergio Roldan

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292

NOTICE OF ENTRY OF ORDER                                                                 1

**EXHIBIT A**

1  DAVID HAMERSLOUGH (SBN 95010)
2  ROSSI, HAMERSLOUGH, REISCHL & CHUCK
   1960 The Alameda, Suite 200
3  San Jose, CA 95126-1493
   Tel: (408) 261-4252
   Fax: (408) 261-4292
4
5  Attorneys for Defendant Sergio Roldan



6
7
8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                   FOR THE COUNTY OF SANTA CLARA
10

| 11 | BERT L. BIRMINGHAM, and LORETTA L. BIRMINGHAM, | Case No.: 113CV243356 |
|---|---|---|
| 12 | Plaintiffs, | STIPULATION AND [PROPOSED] ORDER RE: ATTORNEYS' FEES AND COSTS RELATED TO APPEAL [SIXTH DISTRICT COURT OF APPEAL CASE NO. H041945] |
| 13 | | |
| 14 | vs. | |
| 15 | SERGIO ROLDAN, and DOES 1 to 20, | Action Filed: March 21, 2013 |
| 16 | Defendants. | |

17

18      The following stipulation is reached between Plaintiffs Bert L. Birmingham and Loretta

19 L. Birmingham, by and through Craig J. Bassett, their attorneys of record, and Defendant

20 Sergio Roldan, by and through his attorney of record, David Hamerslough of Rossi,

21 Hamerslough, Reischl & Chuck.

22      On December 2, 2014, judgment was entered in Santa Clara Superior Court Action No.

23 113CV243356. A copy of the judgment is attached hereto as Exhibit A.

24      On March 3, 2015, an order was entered regarding attorneys' fees and costs incurred by

25 Roldan in the above-referenced action. Attorneys' fees and costs in the amount of $43,119.00

26 were awarded to Roldan. A copy of this order is attached hereto as Exhibit B.

27      The Birminghams appealed the above-referenced judgment and order regarding

28 attorneys' fees and costs. The appeal was assigned the case number H041945. The decision of

STIPULATION AND [PROPOSED] ORDER                                                    1

Case: 19-50981   Doc# 16-1   Filed: 06/27/19   Entered: 06/27/19 11:56:38   Page 15 of 30

1  the Court of Appeal was to affirm the trial court's judgment and award costs to Roldan. The

2  Court's decision was issued on July 28, 2016.

3  On September 27, 2016, the Court of Appeal issued its remittitur. A copy is attached

4  hereto as **Exhibit C**. The remittitur confirms that Roldan was to recover his costs.

5  Plaintiffs and Defendant have stipulated that the reasonable attorneys' fees and costs to

6  be awarded to Defendant Roldan for the appeal are $18,500.00 and $500.00 respectively, for a

7  total amount payable to Defendant Roldan of $19,000.00. This stipulation is being reached to

8  avoid the additional cost and expense associated with a cost bill and motion to determine fees

9  and costs for the appeal.

10  The $19,000.00 to be awarded to Roldan as attorneys' fees and costs for the appeal are

11  in addition to the attorneys' fees and costs previously awarded Roldan for the trial of this

12  matter in the amount of $43,119.00. The total attorneys' fees and costs that the Birminghams

13  now owe Roldan is $69,317.39. This amount includes interest at the legal rate of 10% on the

14  original award of attorneys' fees and costs in the amount of $43,119.00 from March 3, 2015

15  through November 1, 2016 (i.e., $7,198.38 calculated at a daily rate of $11.82). Interest at 10%

16  will accrue on the sum of $69,317.39 from November 1, 2016 until that amount is paid or

17  otherwise satisfied.

18

19  Dated:  10/26/16                    ROSSI, HAMERSLOUGH, REISCHL & CHUCK

20

21                                     BY: _D. Hamerslough_

22                                          DAVID HAMERSLOUGH
                                            Attorneys for Defendant, Sergio Roldan

23

24  Dated:  10.26.16

25

26                                     BY: _____

27                                          CRAIG J. BASSETT
                                            Attorneys for Plaintiffs, Bert L. Birmingham and
                                            Loretta L. Birmingham

28

STIPULATION AND [PROPOSED] ORDER                                              2

Case: 19-50981    Doc# 16-1    Filed: 06/27/19    Entered: 06/27/19 11:56:38    Page 16
of 30

## ORDER

The Stipulation of the parties that Roldan be awarded the sum of $19,000.00 for reasonable attorneys' fees and costs incurred by Roldan as a result of the Birminghams' appeal is hereby adopted as the order of the Court. This amount is to be added to the attorneys' fees and costs previously awarded Roldan for the trial of this matter in the amount of $43,119.00. The total attorneys' fees and costs to be awarded to Roldan is $69,317.39. This amount includes interest at the legal rate of 10% on the original award of attorneys' fees and costs in the amount of $43,119.00 from March 3, 2015 through November 1, 2016.

Date: NOV 0 2 2016

RISÉ JONES PICHON

JUDGE OF THE SUPERIOR COURT

STIPULATION AND [PROPOSED] ORDER

3

**EXHIBIT A**



**FILED**

DEC 0 2 2014

DAVID H. YAMASAKI

by_____ DEPUTY

David R. Walker

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

BERT BIRMINGHAM and

LORETTA L. BIRMINGHAM                    Case No.: 1-13-CV-243356

               Plaintiff,

                             **JUDGMENT**

vs.

SERGIO ROLDAN

               Defendant.

     A Court trial having been held before the Honorable Risё Jones Pichon, undersigned, in Department 20 of the above-captioned court with the Court's Statement of Decision being issued and filed on October 15, 2014.

     IT IS ORDERED, ADJUDGED AND DECREED

     Plaintiffs' 2nd set of objections to the Statement of Decision is denied.

     1.    Plaintiffs' prayer for a declaration that the Deed of Trust is void and invalid is denied.

     2.    Plaintiffs' prayer for a judgment which will expunge the Deed of Trust nunc pro tunc is denied.

Case: 19-50981    Doc# 16-1    Filed: 06/27/19    Entered: 06/27/19 11:56:38    Page 19 of 30

3.     Plaintiffs' prayer for a judgment quieting title and declaring that Plaintiffs are the owners in fee simple of the subject real property and that Defendant has no interest in the property adverse to Plaintiffs is denied.

Date: 12/1/14

**HON. RISË JONES PICHON**

**JUDGE OF THE SUPERIOR COURT**

Case: 19-50981    Doc# 16-1    Filed: 06/27/19    Entered: 06/27/19 11:56:38    Page 20 of 30

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
191 N. First Street
San Jose, CA 95113-1090



FILED
DEC 0 3 2014
DAVID H. YAMASAKI
David K. Walker

TO:   FILE COPY

RE:   B. Birmingham, et al vs S. Roldan
Case Nbr:   1-13-CV-243356

PROOF OF SERVICE

JUDGMENT

was delivered to the parties listed below in the above entitled case as set
forth in the sworn declaration below.

Parties/Attorneys of Record:

CC: Craig J. Bassett , Craig Bassett Law Office
        25 West First Street, Morgan Hill, CA 95037-4501
     David M. Hamerslough , Rossi Hamerslough Reischl Et Al
        1960 The Alameda, Suite 200, San Jose, CA 95126

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with
Disabilities Act, please contact the Court Administrator's office at (408)882-2700, or use the Court's TDD line, (408)882-2690 or
the Voice/TDD California Relay Service. (800)735-2922.

DECLARATION OF SERVICE BY MAIL: I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each
person whose name is shown above, and by depositing the envelope with postage fully prepaid, in the United States Mail at
San Jose, CA on 12/2/14.  DAVID H. YAMASAKI, Chief Executive Officer/Clerk by David Walker, Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. First Street**
**San Jose, CA 95113-1090**

RECEIVED
DEC 04 2014

TO:   David M. Hamerslough
      Rossi Hamerslough Reischl Et Al
      1960 The Alameda   Suite 200
      San Jose,   CA 95126

RE:  B. Birmingham, et al vs S. Roldan
Case Nbr:  1-13-CV-243356

### PROOF OF SERVICE

**JUDGMENT**

was delivered to the parties listed below in the above entitled case as set
forth in the sworn declaration below.

---

Parties/Attorneys of Record:

CC: Craig J. Bassett , Craig Bassett Law Office
        25 West First Street, Morgan Hill, CA 95037-4501

If you  a party represented by an  attorney of  record in  the above referenced  that party to   .  .   .   the lower to   .  of   the    .
if situation  for  current  advertise  that first  first for  it   .  .   the  air  it is  to    .  .
to: their  the  notice be  lay service            .

DECLARATION  of SERVICE  of MAIL: I declare that I served the  entity by  enclosed a  true copy in  an   envelope   that it   of   .
person who is  name in  the above and by  depositing the same in  the mail postage fully prepaid, in  the  State of  . of  .   of  it  at
San Jose, CA  at  .        1999 H YAMASAKI  Clerk  by  Terri  Lorenz, Deputy

**EXHIBIT B**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| David Hamenlough (SBN 95010)<br>Rossi, Hamenlough, Reischi & Chuck<br>1960 The Alameda, Suite 200<br>San Jose, CA 95126<br>TELEPHONE NO.:(408) 261-4252   FAX NO. (Optional):(408) 261-4292<br>EMAIL ADDRESS (Optional):   dave@rhrc.net<br>ATTORNEY FOR (Name):   Defendant Sergio Roldan | **ENDORSED**<br>2015 MAR -3  P 12: 33<br>David Yamasaki, Chief Executive Officer/Clerk<br>Superior Court of CA, County of Santa Clara<br>By: _____ DEPUTY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Santa Clara<br>STREET ADDRESS:   191 N. First Street<br>MAILING ADDRESS:   191 N. First Street<br>CITY AND ZIP CODE:   San Jose, CA 95113<br>BRANCH NAME:   Santa Clara | |
| PLAINTIFF/PETITIONER:   Bert L. Birmingham, Lorein L. Birmingham<br><br>DEFENDANT/RESPONDENT:   Sergio Roldan, et al. | |
| NOTICE OF ENTRY OF JUDGMENT<br>OR ORDER<br><br>(Check one):  ☐ UNLIMITED CASE<br>(Amount demanded<br>exceeded $25,000)   ☐ LIMITED CASE<br>(Amount demanded was<br>$25,000 or less) | CASE NUMBER:<br>113CV243356 |

**TO ALL PARTIES:**

1. A judgment, decree, or order was entered in this action on (date):   **February 27, 2015**

2. A copy of the judgment, decree, or order is attached to this notice.


Date:  March 3, 2015

David Hamenlough                                    ► _D. Hamenlough_____
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)                (SIGNATURE)

Case: 19-50981   Doc# 16-1   Filed: 06/27/19   Entered: 06/27/19 11:56:38   Page 24 of 30

RECEIVED
FEB 1 - 2015

(ENDORSED)
FILED
FEB 2 7 2015
DAVID H. YAMASAKI
Clerk of the Court
Superior Court of CA County of Santa Clara
BY _____ DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | | |
|---|---|---|
| Bert Birmingham and | | |
| Loretta Birmingham | Case No. 1-13-CV-243356 | |
| Plaintiff(s), | | |
| vs. | ORDER RE ATTORNEY FEES | |
| Sergio Roldan | | |
| Defendant(s). | | |

Defendant Sergio Roldan's motion for attorney fees against Plaintiffs Bert Birmingham and Loretta Birmingham came on regularly for hearing in Department 17 of the Superior Court of California for the County of Santa Clara, located at 161 N. First Street, San Jose, California 95113, at 9:30 a.m. on February 23, 2015, the Honorable Rise Jones Pichon presiding.

In determining what constitutes a reasonable attorney fee when a contract or statute provides for such an award, courts should consider the nature of the litigation, its difficulty, the amount involved, and the skill required and success of the attorney's efforts, his or her learning, age and experience in the particular type of work demanded, the intricacies and importance of the litigation, the labor and necessity for skilled legal training and ability in trying the cause, and the time consumed. (See *Church of Scientology v. Wollersheim* (1996) 42 Cal. App. 4th 628,

1   659; see also *Hadley v. Krepel* (1985) 167 Cal. App. 3d 677, 682.) The amount to be awarded to
2   a party as attorney fees is a matter within the sound discretion of the trial judge. (See *Church of*
3   *Scientology v. Wollersheim, supra,* 42 Cal. App. 4th at p. 659; see also *Clayton Development Co.*
4   *v. Falvey* (1988) 206 Cal. App. 3d 438, 447.)

5       Here, Defendant requests an award of attorney fees in the amount of $43,868.00. In
6   support of his request, Defendant submits declarations from his counsel, David Hamenlough,
7   and itemized monthly invoices. Plaintiffs do not object to amount of fees requested. They argue
8   that Defendant is not entitled to any award of attorney fees.

9       The Court finds that Defendant is the prevailing party and is entitled to attorney fees
10  under the authority *Mordechai Kachlon et al., v. Debra W. Markowitz et al.,* (2008) 168 Cal.
11  App. 4th 316, and that $43,119.00 is a reasonable amount.

12      Having considered the papers, the evidence, and oral argument of counsel,

13

14  THE COURT HEREBY ORDERS THAT:

15      1.     Mr. Roldan's motion for attorney fees against Bert Birmingham and Loretta
16             Birmingham is GRANTED

17      2.     Mr. Roldan shall recover from Bert Birmingham and Loretta Birmingham
18             attorney fees in the amount of $43,119.00.

19

20

21  FEB 27 2015                                      RISÉ JONES PICHON

22  Date: _____

23                                          HON. RISÉ JONES PICHON
24                                          JUDGE OF THE SUPERIOR COURT

25

26

27

28

| PLAINTIFF/PETITIONER: Bart L. Birmingham, Laurin L. Birmingham | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Sergio Roldan, et al. | 113CV243356 |

**ENDORSED**

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF ENTRY OF JUDGMENT OR ORDER

2015 MAR -3 P 12: 33

*(NOTE: You cannot serve the Notice of Entry of Judgment or Order if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and not a party to this action. I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☒ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Entry of Judgment or Order* was mailed:
   a. on *(date):* March 3, 2015
   b. from *(city and state):* San Jose, CA

4. The envelope was addressed and mailed as follows:
   a. Name of person served:
      Craig J. Bassett, Esq.
      Street address: 25 West First Street
      City: Morgan Hill
      State and zip code: CA 95037-4559

   b. Name of person served:
      Street address:
      City:
      State and zip code:

   c. Name of person served:
      Street address:
      City:
      State and zip code:

   d. Name of person served:
      Street address:
      City:
      State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached _____.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 3, 2015

Linda L. Davis
*(TYPE OR PRINT NAME OF DECLARANT)*

▶ *(SIGNATURE OF DECLARANT)*

# **EXHIBIT C**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
SIXTH APPELLATE DISTRICT

**COPY**

Craig J. Bassett
25 W. First Street
Morgan Hill, CA 95037-4501

RE:   BERT L. BIRMINGHAM et al.,
      Plaintiffs and Appellants,
      v.
      SERGIO ROLDAN,
      Defendant and Respondent.

      H041945
      Santa Clara County No. CV243356

### * * REMITTITUR * *

    I, Daniel P. Potter, Clerk of the Court of Appeal of the State of California, for the Sixth Appellate District, do hereby certify that the opinion or decision entered in the above-entitled cause on July 28, 2016, has now become final.

_____ Appellant   \_\_X\_\_ Respondent to recover costs
_____ Each party to bear own costs
_____ Costs are not awarded in this proceeding
_____ See decision for costs determination

    Witness my hand and the seal of the Court affixed at my office on September 27, 2016

                        DANIEL P. POTTER, Clerk

{Seal}                   By:  B. Miller

                         Deputy


Endorsed
**FILED**
NOV 0 8 2016
DAVID H. YAMASAKI
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY_____ DEPUTY

1    **PROOF OF SERVICE**

2  STATE OF CALIFORNIA, COUNTY OF SANTA CLARA:

3       I am a citizen of the United States and employed in the county aforesaid; I am over the
age of eighteen years, and not a party to the within action; my business address is 1960 The
4  Alameda, Suite 200, San Jose, CA 95126-1493. On the date set forth below I served the
documents described below:

5
    **NOTICE OF ENTRY OF ORDER**
6
on the following person(s) in this action by placing a true copy thereof enclosed in a sealed
7  envelope addressed as follows:

8       Craig J. Bassett, Esq.                    Attorneys for Plaintiffs
        25 West First Street
9       Morgan Hill, CA 95037-4559
        (408)779-0007
10      Fax: (408)778-6005
        cbassett@garlic.com

11
    ☒      (BY MAIL) I sealed and placed for collection and mailing such envelope(s) with
12  postage thereon fully prepaid, addressed as stated above, in the basket for outgoing mail at
Rossi, Hamerslough, Reischl & Chuck. It is the firm's ordinary business practice that all mail
13  placed in the basket is collected and taken for mailing that same day by an employee of the
U.S. Postal Service.
14
    ☒      (STATE) I declare under penalty of perjury under the laws of the State of California
15  that the foregoing is true and correct.

16  Executed on November 8, 2016 at San Jose, California.

17

18                                          _____
                                                    MOLLY EDGAR
19

20

21

22

23

24

25

26

27

28

Rossi, Hamerslough,
Reischl & Chuck
1960 The Alameda
Suite 200
San Jose, CA
95126-1493
(408) 261-4252
Fax (408) 261-4292