| | |
|---|---|
| 1 | Nathan F. Smith, #264635 |
| 2 | Christina J. O, #266845 |
|   | Malcolm ♦ Cisneros, A Law Corporation |
| 3 | 2112 Business Center Drive, 2nd Floor |
|   | Irvine, California 92612 |
| 4 | (Telephone) (949)252-9400 |
| 5 | (Facsimile) (949)252-1032 |
|   | Email: nathan@mclaw.org |
| 6 | |
| 7 | Attorneys` for Movant |

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 19-50981 |
| Loretta Birmingham, | R.S. No. NFS-102 |
| Debtor. | Chapter 13 |
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by Caliber Home Loans, Inc., as its attorney in fact, | **U.S. BANK TRUST, N.A.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RELIEF FROM STAY AND RELIEF FROM CO-DEBTOR STAY** |
| Movant, | |
| vs. | |
| Loretta Birmingham, Debtor; Bert Leroy Birmingham, Co-Debtor and Devin Derham-Burk, Trustee, | **HEARING DATE:** DATE: 09/03/2019 TIME: 10:30 a.m. CTRM: 9 |
| Respondents. | |

**TO THE HONORABLE STEPHEN L. JOHNSON, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, THE CO-DEBTOR, THE DEBTOR'S COUNSEL, THE TRUSTEE AND OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by Caliber Home Loans, Inc., as its attorney in fact ("U.S. Bank Trust, N.A."), hereby files this Memorandum of Points and Authorities in support of its Motion for Relief From The Automatic Stay and relief from Co-Debtor stay (the "Motion") in the above-entitled and

MEMORANDUM OF POINTS AND AUTHORITIES        1
PR/B51513

numbered Chapter 13 case.

## I.
## INTRODUCTORY STATEMENT

U.S. Bank Trust, N.A. requests the Court to grant it relief from the automatic stay because the Debtor has failed to make post-petition payments. Movant also seeks relief from Co-Debtor stay.

## II.
## STATEMENT OF FACTS

1. **The Secured Debt.** On or about September 7, 2007, Bert Leroy Birmingham and Loretta Louise Birmingham made and delivered a Promissory Note in the original principal amount of $875,000.00, secured by a First Priority Deed of Trust on the Property commonly known as 1565 E Middle Ave, San Martin, CA 95046 ("Property"). True and correct copies of the Note and Deed of Trust are attached as Exhibits "1" and "2," respectively.

An Assignment of Deed of Trust recorded on July 23, 2008 from JPMorgan Chase Bank, N.A. by NDEx West, LLC, it' Attorney-in-Fact to Chase Home Finance, LLC. Successor by merger to Chase Manhattan Mortgage Corporation is attached as Exhibit "3."

An Assignment of Deed of Trust recorded on August 25, 2015 from JPMorgan Chase Bank, National Association to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is attached as Exhibit "3".

A Loan Modification Agreement effective September 1, 2012 is attached as Exhibit "4."

2. **The Default Under The Note**. The Note and Deed of Trust are post-petition due for the June 1, 2019 payment. As a result of a default, a Notice of Default and Election To Sell was recorded against the Property on December 17, 2014. The Notice of Sale was published on April 8, 2019 and a foreclosure sale was scheduled for May 15, 2019.

3. **The Debtor's Interest In The Property.** The Debtor is one of the owners of record of the Property.

4. **The Filing Of The Instant Petition.** On or about May 13, 2019, Loretta Birmingham filed the instant Chapter 13 Petition as Case No. 19-50981.

5. **The Post-Petition Delinquency.** The Debtor has failed to make post-petition payments that have come due. The total post-petition delinquency is set forth below:

| | | | | |
|---|---|---|---|---|
| 3 | (06/01/2019- 08/01/2019) | Payments due at | $4,098.05 | $12,294.15 |
| | | Suspense Balance: | | $(0.00) |
| | | | Total | $ 12,294.15 |

A post-petition ledger of all post-petition payments due and all post-petition payments received is attached as Exhibit "6".

6. **The Total Indebtedness Under The Note.** The total indebtedness owed to U.S. Bank Trust, N.A., exclusive of attorneys' fees, is as follows:

| | |
|---|---|
| Principal Balance | $629,194.25 |
| Interest Accrued to 08/05/2019 | $59,752.69 |
| Escrow Advance | $55,264.42 |
| Other Fees Due | $11,232.91 |
| Suspense Balance | ($387.59) |
| Deferred Principal Balance | $185,607.18 |
| Grand Total | $940,663.86 |

7. **The Total Liens On The Property.** The Property is encumbered by the following liens:

| **SECURED CREDITOR** | **LIEN AMOUNT** |
|---|---|
| 1. U.S. Bank Trust, N.A. | $940,663.86 |
| **TOTAL** | **$940,663.86** |

8. **The Value Of The Property.** By the Debtor's own admission, the Property has a fair market value of $3,000,000.00. True and correct copies of the Debtor's Schedules A and D are attached hereto as Exhibit "5".

///

MEMORANDUM OF POINTS AND AUTHORITIES        3
PR/B51513

Case: 19-50981    Doc# 24-2    Filed: 08/13/19    Entered: 08/13/19 16:11:21    Page 3 of 5

## III.

## THE AUTOMATIC STAY SHOULD BE TERMINATED BASED ON THE DEBTOR'S FAILURE TO MAKE POST-PETITION PAYMENTS.

Ninth Circuit case law clearly sets forth the duty of a Chapter 13 debtor to maintain post-petition contractual installment payments to secured lenders as a condition for eligibility for Chapter 13 relief. In In re Gavia, 24 B.R. 573 (Bankr. 9th Cir. 1982), the Bankruptcy Appellate Panel held that the debtors who lack sufficient regular income to enable them to maintain current contractual installment payments as well as payments under a Chapter 13 Plan are ineligible for Chapter 13 relief.

In In re Ellis, 60 B.R. 432 (Bankr. 9th Cir. 1986), the Bankruptcy Appellate Panel held that post-confirmation defaults on payments to secured lenders constitutes cause for terminating the automatic stay under Section 362(d)(1), and that is the Debtors' burden to show that no cause exists.

As set forth in the Motion herein, and in the Declaration attached hereto, the stay should be terminated immediately based on the Debtor's failure to make the regular monthly post-petition payments in the instant case. See the Declaration attached hereto.

## IV.

## TERMINATION OF THE CO-DEBTOR STAY

Bankruptcy Code § 1301 provides for the termination of the co-debtor stay. Bert Leroy Birmingham is a co-debtor because he is liable under the Note and Deed of Trust. U.S. Bank Trust, N.A. request that the co-debtor stay be terminated as well.

///

///

///

///

///

## V.

## CONCLUSION.

For the foregoing reasons, and based upon the evidence set forth in this Motion, this Court should grant the relief from the automatic stay to allow U.S. Bank Trust, N.A. to enforce its rights and remedies under its Note and Deed of Trust including a waiver of the 14-day stay provided by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

Dated: August 13, 2019

Respectfully Submitted,
MALCOLM ♦ CISNEROS, A Law Corporation

By: */s/ Nathan F. Smith*
Nathan F. Smith
Attorney for Movant