1   DEVIN DERHAM-BURK #104353
     CHAPTER 13 STANDING TRUSTEE
2   P O Box 50013
     San Jose, CA 95150-0013
3

4   Telephone: (408) 354-4413
     Facsimile:  (408) 354-5513

5   Trustee for Debtor(s)

6

7

8              UNITED STATES BANKRUPTCY COURT
          NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5
9

10  In re:                  )   Chapter 13
                        )   Case No.  19-50981 SLJ
11                     )
                     )   FOURTH AMENDED TRUSTEE'S
12   LORETTA BIRMINGHAM   )   OBJECTION TO CONFIRMATION WITH
                     )   CERTIFICATE OF SERVICE
13                     )
                     )   Confirmation Date: N/A – Trustee's Pending List
14                     )
                     )   Judge:  Stephen L. Johnson
15                     )
16                     )
            Debtor(s)     )
17  _____)

18

19  Devin Derham-Burk, Trustee in the above matter, objects to the Confirmation of this Plan for the

20  following reasons:

21     1.  In order to meet the feasibility test of confirmation in 11 U.S.C. §1325(a)(6), the Trustee

22        requests that the Debtor provide a declaration with sufficient proof to show that all post-

23        petition mortgage payments to US Bank Trust NA have been paid prior to confirmation.

24        If the Debtor has already provided the mortgage payment proof required pursuant to

25        General Order 24, that proof *need not be provided again*.  However, for post-petition

26        mortgage payments that have come due after the conclusion of the meeting of creditors,

27

28

Case: 19-50981   Doc# 69   Filed: 08/26/20   Entered: 08/26/20 14:51:59   Page 1 of 4

but before confirmation, the Trustee requests evidence to show that those payments have been made before she can recommend confirmation.

2. The Second Amended Plan is not feasible pursuant to 11 U.S.C. §1325(a)(6) because the Debtor is proposing to pay a total of $7,140.00 and this is not enough money to pay all scheduled and/or filed secured, priority, administrative, and any general unsecured claims plus trustee's fees. As of the date of this objection and based on the Trustee's review of scheduled and filed claims, the Debtor would need to pay $ 355,203.02. **This amount can change *daily* because it is derived from many variables including the amounts stated on filed claims, changing treatment of claims in amended plans, objections to claims, additional attorney's fees and changing trustee's fees. The actual amount of money needed to complete the plan cannot be determined until after the plan is confirmed and all claims are filed and allowed. The Trustee is providing the above number to assist the Debtor in understanding why the plan is not feasible at this time. The number does not represent an actual payoff for the case and cannot be relied upon for any purpose other than to demonstrate lack of feasibility.**

NOTE: US Bank filed an arrears claim in the amount of 155,817.58 and unsecured claims total $64,323.14.

3. Debtor's counsel has either failed to check *any* box or checked the box in Section 3.05 of the plan to indicate that he intends to seek approval of fees through approval of a fee application pursuant to 11 U.S.C. §§329 and 330. However, Debtor's counsel appears instead to seek fees through pre-approved fees (General Order 35) because Debtor's counsel has either 1) stated at the §341 meeting of creditors that pre-approved fees would be sought, or 2) a fee application seeking pre-approved fees has already been filed. The

Trustee requests that the plan be amended to accurately show how Debtor's counsel intends to seek attorney's fees so that plan feasibility pursuant to 11 U.S.C. § 1325 (a)(6) can be determined.

4.  The Debtor's Second Amended Plan reduces plan payments to $420.  The Debtor has already paid at total of $7,200.00 which results in the Debtor's plan being paid ahead by approximately $900.00 at this time. Section 2.01 of the plan states that the Debtor <u>shall</u> submit payments to the Trustee on a <u>monthly</u> basis.  The Trustee will not recommend confirmation of the plan if the payments are overcurrent.  She requests that the Debtor further amend the plan to provide for payments that bring the case current and not overcurrent at the time the further amended plan is filed.

5.  The Trustee questions the feasibility of the Debtor's Plan pursuant to 11 U.S.C. § 1325(a)(6) as pursuant to the First Amended Plan the Debtor's son will be making the plan payments.  The Trustee requests a declaration, signed under penalty of perjury, which explains from the son as to how the plan payments will be funded.

6.  The Trustee is unable to determine whether 11 U.S.C. § 1322(b)(5) is met.  The Trustee is in receipt of a Proof of Claim filed by US Bank Trust NA for mortgage arrears in the amount of $155,817.58.  Said creditor has been omitted from the Second Amended Plan. The Debtor must file an amended plan to provide for said arrears.

Dated: August 25, 2020                         /S/ Devin Derham-Burk

                                               _____

                                               Chapter 13 Trustee

Case: 19-50981    Doc# 69    Filed: 08/26/20    Entered: 08/26/20 14:51:59    Page 3 of 4

**CERTIFICATE OF SERVICE BY MAIL**

I hereby declare that I am over the age of 18 years, not a party to the within cause; my business address is 983 University Ave., Bldg. C-100, Los Gatos, CA 95032. I served the within Objection to Confirmation, by placing same in an envelope in the U.S. Mail at Los Gatos, California on August 26, 2020. Said envelopes were addressed as follows:

LORETTA BIRMINGHAM
1565 E MIDDLE AVE
SAN MARTIN, CA 95046

STANLEY A ZLOTOFF ESQ
300 S FIRST ST #215
SAN JOSE, CA 95113

/S/   Clotilde Costa
Office of Devin Derham-Burk, Trustee

Trustee's Obj to Confirmation – 19-50981 SLJ